THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TAYLOR FITZGERALD, Defendant-Appellant.

First District (3rd Division)   No. 85—2107

Opinion filed June 1, 1988.

Steven Clark and Elizabeth Clarke, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Christopher J. Cummings, and Kathleen A. Bom, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant, Taylor Fitzgerald, was convicted of attempted murder and armed robbery. Defendant was sentenced to a term of six years' imprisonment in the Illinois Department of Corrections. On appeal, defendant contends that: (1) he was improperly tried as an adult pursuant to the automatic juvenile transfer statute (Ill. Rev. Stat. 1985, ch. 37, par. 702—7(6)); and (2) he was not proven guilty beyond a reasonable doubt of attempted mur-

der and armed robbery. Defendant later filed a supplemental brief on appeal in which he alleges that he was denied fundamental fairness, due process and equal protection of the law, because at his sentencing hearing the trial court considered only the dispositions available under section 5—1—1 *et seq.* of the Uniform Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—1—1 *et seq.*), and that he was denied effective assistance of counsel. We affirm.

On October 22, 1983, at approximately 3 a.m., Wendy Weaver arrived at her apartment building located at 2514 West Van Buren Street. Upon entering the vestibule of the building, Weaver observed three men standing there. Weaver recognized defendant as a man she knew from around the neighborhood. Weaver then left the vestibule and proceeded to her apartment.

Thereafter, at approximately 3:30 a.m., the victim, Ned Sterling, entered the vestibule of Weaver's building. Sterling, who is also Weaver's boyfriend, proceeded to the elevator. As Sterling pushed the elevator call button, a silver-barrelled revolver was placed at his head by defendant. Sterling was told not to move and was backed up against the elevator doors. At that point, Sterling saw that there were three men present. Sterling, who was familiar with the area, recognized defendant, who was standing directly in front of Sterling approximately an arm's length away and holding a gun to Sterling's head.

At the request of one of the other two men present, Sterling surrendered his money and his keys. The two men then searched Sterling's pockets while defendant held the gun to Sterling's forehead. After searching Sterling's pockets, the two men left the area while defendant continued holding the gun to Sterling's head. Sterling then watched as defendant began to squeeze the trigger of the gun. Sterling instinctively jerked his head to the side as the gun went off. The bullet went through Sterling's hair, causing it to burn. Defendant then ran from the building, and Sterling escaped to Weaver's apartment.

Upon arriving at Weaver's apartment and hearing of Sterling's misfortune, Weaver phoned the police. Weaver then left her apartment and went to the apartment of defendant's girlfriend, who also lived in the building. Weaver informed the woman of what had happened to Sterling and demanded the return of Sterling's money and keys. Later that day, Sterling's keys were returned. Thereafter, on October 29, 1983, Sterling identified defendant as his assailant.

We initially address defendant's argument that he was tried and convicted in violation of the Juvenile Court Act (Act) (Ill. Rev. Stat.

1983, ch. 37, par. 701—1 *et seq.*), because the indictment against him failed to specify that the crime of armed robbery had been committed with a firearm.

At the time of defendant's indictment, section 702—7(6) provided in relevant part:

"(6)(a) The definition of delinquent minor under Section 2—2 of this Act shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with murder, rape, deviate sexual assault or armed robbery when the armed robbery was committed with a firearm. These charges and all other charges arising out of the same incident shall be prosecuted pursuant to the Criminal Code of 1961, as amended.

(6)(b) If before trial or plea an information or indictment is filed which does not charge an offense specified in paragraph (a) of subsection (6) of this Section, the State's Attorney may proceed on the lesser charge or charges but only in Juvenile Court pursuant to the other provisions of the Juvenile Court Act, unless prior to trial the minor defendant knowingly and with advice of counsel waives, in writing, his right to have the matter proceed in Juvenile Court." (Ill. Rev. Stat. 1983, ch. 37, pars. 702—7(6)(a), (6)(b).)

Section 2—2 of the Act defined a delinquent minor as "any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance." (Ill. Rev. Stat. 1983, ch. 37, par. 702—2.) At the time of defendant's arrest, he was 16 years old.

■ In the present case, the complaint for preliminary examination charged defendant with armed robbery "while armed with a dangerous weapon, unknown caliber handgun." The indictment charged defendant with committing armed robbery "while armed with a dangerous weapon." It is defendant's contention that since the count against him for robbery did not specifically allege that the robbery was committed "with a firearm," but instead stated that the armed robbery occurred while defendant was armed with a "dangerous weapon," it was error to subject defendant to automatic transfer under the Act. Defendant therefore argues that the indictment against him should be dismissed, his conviction vacated and his case remanded for disposition under the Act. We disagree.

In *People v. J.S.* (1984), 103 Ill. 2d 395, 469 N.E.2d 1090, our supreme court addressed the issue raised by defendant. In *J.S.*, a consolidated appeal, each defendant was charged with committing an

armed robbery while armed with a dangerous weapon. The indictment against the defendants did not specify that the robberies were committed with a firearm. On appeal, the defendants contended that they were not subject to automatic transfer under the Act because the indictments were fatally flawed due to the failure to charge the defendants with armed robbery by the use of a firearm.

The *J.S.* court rejected the defendants' contention and stated:

"[W]e believe that the offenses charged were sufficiently set forth so as to enable the defendants to be apprised of the charges against them, to properly prepare their defenses, and to use any judgments entered against them as a bar to a future prosecution for the same offense.

We agree with the State that the charges read as a whole clearly specify that the defendants were charged with armed robbery with a firearm ***." (103 Ill. 2d at 409, 469 N.E.2d at 1097.)

We believe that the court's analysis and conclusion in *J.S.* is dispositive of the issue raised by defendant.

Here, defendant was indicted for committing an armed robbery while armed with a dangerous weapon. Defendant was also indicted for two acts of armed violence. These indictments stated:

"(1.) [W]hile armed with a dangerous weapon, to wit: a gun without lawful justification with intent to commit the offense of murder, intentionally and knowingly attempted to kill Ned Sterling by shooting him with a gun in violation of Chapter 38, section 33A—2/I/8—4(38—9—1) of the Illinois Revised Statutes 1981 as amended.

(2.) [W]hile armed with a dangerous weapon, to wit: a gun by the use of force and by threatening the imminent use of force took United States Currency and keys from the person and presence of Ned Sterling, in violation of Chapter 38, Section 33A—2/I/18—2—A of the Illinois Revised Statutes 1981 as amended."

Moreover, defendant gave a statement implicating himself in the armed robbery of the victim. Defendant's statement indicates that he and a coassailant planned to "stick up anybody who came through the front door." We believe that in light of the facts present in this case, specifically the preliminary examination, the indictments against defendant, his statement to the police and the posture of the charges against him, the charges read as a whole clearly apprised defendant that he was going to be tried for armed robbery with a firearm. We, therefore, find no error in the trial court's automatic

transfer of defendant pursuant to the Act.

■ We next address defendant's argument that he was not proven guilty beyond a reasonable doubt of armed robbery. Defendant essentially contends that because the State failed to produce a gun at trial, his conviction for armed robbery must be reversed and vacated. We find no merit to defendant's argument.

A person commits armed robbery when he takes property from the person or presence of another by the use of force or by threatening the use of force while armed with a dangerous weapon. (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a).) In the present case, Sterling testified that a gun was held to his head while he was robbed of his money and his keys. Sterling further indicated that the incident at issue here occurred approximately three to five feet from a working light fixture. We believe that Sterling's testimony was sufficient evidence from which the trial court could determine that a dangerous weapon, a gun, was used to commit the robbery of Sterling. See *People v. Chapman* (1981), 94 Ill. App. 3d 602, 606, 418 N.E.2d 995, 998.

Moreover, in a written statement, defendant corroborated Sterling's testimony by stating:

"— told me he had a gun and that he planned to stick up anybody who came through the front door. — told me we would split up whatever we got. The three of us were in the lobby alone when a man with a hook on his hand came in. I have known this man by site [*sic*] for a long time. The man knew me. ***

I didn't get any money that night because — and — got on the bus. The next day — gave me six or seven dollars which was my share of what was taken from the man. A friend of the man went to see my girl friend Cynthia. She said that the man wanted his keys back. — had taken the man's keys when he was robbed. I went to — and told him let's give the man back his keys."

Based on the record before us, we find no error in the trial court's finding defendant guilty of armed robbery.

Defendant likewise contends that the evidence was insufficient to prove him guilty of attempted murder beyond a reasonable doubt because the State failed to produce any evidence of a gun being discharged. We disagree.

■■ ■ In order to prove defendant guilty of attempted murder, the State was required to show that defendant committed an act which constituted a substantial step toward the commission of a mur-

der and that defendant acted with the intent to kill or do great bodily harm, or had knowledge of the fact that his actions created a strong probability of death or great bodily harm. (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 9—1.) Intent can be inferred from the facts and circumstances surrounding a defendant's acts and the natural and probable consequences of such actions. (*People v. Fleming* (1976), 42 Ill. App. 3d 1, 4, 335 N.E.2d 345, 348.) Moreover, intent may be inferred when it has been demonstrated that a defendant voluntarily and willfully committed an act, the natural tendency of which is to destroy another individual's life. *People v. Myers* (1980), 83 Ill. App. 3d 1073, 1076, 404 N.E.2d 1082, 1084.

It is well established that in a bench trial, the credibility of the witnesses and the weight to be afforded their testimony are to be determined by the trier of fact, as it is in the best position to make such a determination. A trial court's decision will not be reversed on appeal unless the evidence is so improbable as to raise a reasonable doubt of defendant's guilt. (*People v. Velez* (1984), 123 Ill. App. 3d 210, 215, 462 N.E.2d 746, 750.) Moreover, the testimony of even one witness, if positive and credible, is sufficient to convict, even if it is controverted by the accused. *Velez*, 123 Ill. App. 3d at 215, 462 N.E.2d at 750.

In the present case, the trial court heard the testimony of the victim concerning the shot fired at him and the burning of his hair. The trial court also heard the testimony of additional witnesses regarding the shooting at issue here. After hearing such testimony, the trial court determined that defendant was guilty of attempted murder. Based upon our review of the record and the evidence we have previously discussed, we do not find the evidence so improbable as to raise a reasonable doubt of defendant's guilt. Accordingly, we find no error in the trial court's finding of defendant's guilt on the charge of attempted murder.

We next address defendant's argument that he was denied fundamental fairness, due process and equal protection of the laws, because at his sentencing hearing the trial court considered only the dispositions available under section 5—1—1 *et seq.* of the Unified Code of Corrections and failed to consider the dispositions available pursuant to the Act. We find no merit to defendant's argument.

On July 11, 1985, defendant was sentenced to a term of six years' imprisonment in the Illinois Department of Corrections for attempted murder and armed robbery. At the time that defendant was sentenced, the applicable statute provided:

"If after trial or plea the minor is convicted of an offense

not covered by paragraph (a) of subsection (6) of this Section, such conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of this State. In sentencing the court shall have available any or all dispositions prescribed for that offense pursuant to Chapter V of the Unified Code of Corrections and Article 5 of the Juvenile Court Act." (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(6)(c).)

Pursuant to this version of the Act and due to the offenses for which defendant was convicted, the trial court was required to sentence defendant under the Unified Code of Corrections.

However, this statute was later amended to provide:

"If after trial or plea the minor is only convicted of an offense not covered by paragraph (a) of subsection (6) of this Section, such conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of this State, however the court must thereafter proceed pursuant to Sections 4—7 or 4—8. In all other circumstances, in sentencing the court shall have available any or all dispositions prescribed for that offense pursuant to Chapter V of the Unified Code of Corrections and Article 5 of the Juvenile Court Act." (Ill. Rev. Stat. 1985, ch. 37, par. 702—7(6)(c).)

As amended, the Act provided a trial court with the option to sentence a defendant under either the Unified Code of Corrections or the Act. Defendant contends that the trial court should have been afforded with the opportunity to sentence him pursuant to the statute as amended. We disagree.

Here, while the amended portion of the Act was passed by the legislature on July 1, 1985, it did not become effective until December 2, 1985. Defendant was sentenced on September 11, 1985, more than four months before the amendment became effective. We believe that section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1985, ch. 1, par. 1103) is applicable here. Section 4 provides in relevant part that "[i]f any penalty, forfeiture or punishment be mitigated by any provision of a new law, such provision may, by the consent of the party affected, *** [be] applied to any judgment pronounced after the new law takes effect." (Ill. Rev. Stat. 1985, ch. 1, par. 1103.) A judgment is defined as an adjudication by the court of a defendant's guilt or innocence. If the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court. Ill. Rev. Stat. 1985, ch. 38, par. 102—14.

In the present case, defendant was sentenced prior to the effec-

tive date of the amendment. As a result, defendant was not eligible to be sentenced pursuant to the Act as amended. Defendant's argument concerning this issue must therefore fail. Lastly, we have examined the remaining issue raised by defendant, that he was denied effective assistance of counsel, and find it to be utterly devoid of merit.

Accordingly, defendant's convictions for armed robbery and attempted murder are affirmed.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.